

ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN MARSHALL, <br> LONG TRAN and <br> CHARLES JOHNSON <br><br> Individually and on behalf of <br> other similarly situated <br> individuals <br><br> Plaintiffs <br><br> V. <br><br> EYEMASTERS OF TEXAS, LTD. and <br> EYE CARE CENTERS <br> OF AMERICA, INC. <br><br> Defendants | § § § § § § § § § § § § § § § § § § | 3-10CV-1422K <br><br> C.A. NO. _____ |

## COMPLAINT

Plaintiffs, individually and on behalf of other similarly situated individuals, complaining of Eyemasters of Texas, Ltd. and Eye Care Centers of America, Inc., would show as follows:

### Parties

1. Plaintiffs and other individuals similarly situated have been employed by one or both of Defendants or a subsidiary or affiliate of Defendant Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd., each an employer within the meaning of the FLSA in that they have acted directly or indirectly in the interest of an employer in relation to Plaintiffs and other individuals similarly situated.

2. Defendants Eyemasters of Texas, Ltd. and Eye Care Centers of America, Inc. are corporations with their principal place of business at 11103 West Avenue, Suite

COMPLAINT -- Page 1

111, San Antonio, Texas 78213-4915, and may be served through their registered agent for service of process, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## Jurisdiction and Venue

3.     Subject matter jurisdiction of this Court over this action exists under 28 U.S.C. §1331 based on Plaintiff's federal claim under 29 U.S.C. §201 et seq., the Fair Labor Standards Act (the "FLSA"). One or both of Defendants is an employer within the meaning of the FLSA. Venue is proper because Plaintiff's cause of action arose in this District.

## Facts

4.     Defendant Eyemasters of Texas, Ltd. is one of a number of subsidiaries or affiliates of Defendant Eye Care Centers of America, Inc., which operates eyewear stores with multiple locations in the United States, including approximately 3500 retail employees and between 1,600 and 2,400 store managers or supervisors in 800 optical retail stores in 36 states and the District of Columbia, including in Washington, D.C., Houston, Dallas, Phoenix, Louisville, Tampa/St. Petersburg, Minneapolis/St. Paul, Nashville, Milwaukee and Miami/Ft. Lauderdale, through 11 store names, namely "EyeMasters," "Visionworks," "Vision World," "Doctor's VisionWorks," "Dr. Bizer's VisionWorld," "Dr. Bizer's ValuVision," "Doctor's ValuVision," "Hour Eyes," "Stein Optical," "Eye DRx" and "Binyon's." Defendants and the subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd. perform related activities through unified operations or common control for a common business purpose. One or both of Defendants and the subsidiaries or affiliates of Eye Care Centers of

America, Inc. other than Eyemasters of Texas, Ltd. have acted directly or indirectly in the interest of an employer in relation to Plaintiffs.

5. Plaintiffs and other individuals similarly situated were or are employed by Defendants and the subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd. as purported store general managers, retail managers and lab managers. Prior to January 2010, they were required during their employment to work at least 45 hours per week and since December 2009 store general managers have regularly been required to work at least 47.5 hours per week. The total hours worked each week by Plaintiffs and similarly situated individuals averaged at least 45 hours per week for the period between June 1, 2007 and on or about November 30, 2009. Since on or about December 1, 2009, store general managers have averaged at least 47.5 hours per week, and frequently more than 47.5 hours per week.

6. None of Plaintiffs or individuals similarly situated have ever been, during employment by Defendants and the subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd., an administrative, executive or professional employee, as those terms are defined under Section 213(a)(1) of the FLSA and regulations of the United States Department of Labor implementing it, during such employment. Specifically, prior to December 2009, store general managers, retail managers and lab managers did not primarily perform exempt duties; store general managers were required during 80% or more of their time to perform the non-exempt duty of retail sales with a quota of sales per month, retail managers were required during 80% or more of their time to similarly perform the non-exempt duty of retail sales, and lab managers were required to perform during more than 80% of their time and as much as

1005 of their time performing the non-exempt duty of filling eyeglass orders. Also in December 2009, Defendants, and on information and belief, the subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd., explicitly recognized that retail managers and lab managers were non-exempt employees, renaming their positions retail supervisor and lab supervisor and making them hourly employees. While not similarly recharacterizing store general managers as non-exempt, as was proper, Defendants and on information and belief, the subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd., denied them the duty or right to make retail sales but required them to spend 80% or more of their time to perform the non-exempt duty of greeting customers. Store general managers both before and after December 2009, further, could make only recommendations for hiring and firing and promotions and compensation increases, not final decisions, which could only be made by a territory director and/or the regional vice-president, and were often overruled in any case.

7. Defendants and, on information and belief, the subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd., have failed to pay overtime compensation due Plaintiffs and other individuals similarly situated under Section 207(a)(1) of the FLSA without good faith and a reasonable belief that the failure to do so was in compliance with the FLSA and accordingly are liable for such overtime compensation and liquidated damages under Section 216(b) of the FLSA.

8. Despite applicable provisions of the FLSA, Defendants and, on information and belief, the subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd., during the period of the employment of Plaintiffs and

individuals similarly situated, have failed to record all hours of work by Plaintiffs and other individuals similarly situated or changed, or insisted that Plaintiffs change, the hours of work recorded for which they paid compensation to Plaintiffs or such other similarly situated individuals from the actual time worked by Plaintiffs in order to avoid the payment of overtime compensation properly due to Plaintiffs and such similarly situated individuals.

## Causes of Action

9. For their first cause of action, Plaintiff and other individuals similarly situated would show that Defendants and, upon joinder as defendants, the subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd., are liable under Section 216(b) of the FLSA for overtime compensation due but not paid in violation of Section 207(a)(1) of the FLSA, liquidated damages, prejudgment interest and attorney's fees and expenses and costs of court.

10. Plaintiffs are entitled to recover damages not only for the period of the otherwise applicable statutes of limitation, but for the entire period specified in paragraphs 4 through 8, as the conduct of Defendants and, on information and belief, the subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd., continued over time, and Plaintiffs and other similarly situated individuals reasonably have feared or continue to fear reprisal for complaining about such requirements and it would have been unreasonable to expect Plaintiffs to sue separately on each instance of actionable conduct. Further, Defendants and, on information and belief, the subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd., sought to hide the fact that its conduct was actionable.

## Representative Action Allegations

11.     With respect to the cause of action referred to in paragraph 9, this civil action is maintainable as a representative action pursuant to Section 216(b) of the FLSA because Plaintiffs are similarly situated to others who were subject to the conduct of Defendants referred to in paragraphs 4 through 8, and who, upon the giving of notice, are entitled to intervene as plaintiffs to seek the relief to which they are entitled based on the cause of action referred to in such paragraphs.

12.     Pursuant to 29 U.S.C. §216(b), each of the named Plaintiffs and, in addition, certain other individuals who have been employed by Defendants, have filed or will file consents with respect to their claims under the FLSA.

13.     Plaintiffs demand a jury.

WHEREFORE, Plaintiffs pray for all relief to which they are entitled.

Respectfully submitted,



Robert E. Goodman, Jr.
TSB No. 08158100
reg@kilgorelaw.com

D. Elizabeth Masterson
State Bar No. 00791200
dem@kilgorelaw.com

Kilgore & Kilgore PLLC
3019 Carlisle Street
Dallas, Texas 75204
(214) 969-9099
(214) 953-0133 (telecopy)
reg@kilgorelaw.com

COUNSEL FOR PLAINTIFF

## CONSENT TO BECOME PARTY PLAINTIFF

Pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), and by my signature below, I hereby consent to the prosecution of claims under the FLSA on my behalf and in my name against Eyemasters of Texas, Ltd., Eye Care Centers of America, Inc., any subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd., and any other related entities and individuals. I further declare that I understand that this consent is to be filed in the court in which suit on such claims is brought.

Signature: _[signature]_

Name: STEVE MARSHALL

Address: 1719 ESTACADO DR
ALLEN, TX 75013

Cell No.: 214-793-0489

Home No. _____

E-Mail: smarshall695@gmail.com

## CONSENT TO BECOME PARTY PLAINTIFF

Pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), and by my signature below, I hereby consent to the prosecution of claims under the FLSA on my behalf and in my name against Eyemasters of Texas, Ltd., Eye Care Centers of America, Inc., any subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd., and any other related entities and individuals. I further declare that I understand that this consent is to be filed in the court in which suit on such claims is brought.

Signature: *Charles Johnson*

Name: Charles Johnson
Address: 9827 Castle Bay
Dallas TX 75227
Cell No.: 214-695-7370
Home No.: 972-288-9459
E-Mail: tenacj2003@Yahoo.Com

## CONSENT TO BECOME PARTY PLAINTIFF

Pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), and by my signature below, I hereby consent to the prosecution of claims under the FLSA on my behalf and in my name against Eyemasters of Texas, Ltd., Eye Care Centers of America, Inc., any subsidiaries or affiliates of Eye Care Centers of America, Inc. other than Eyemasters of Texas, Ltd., and any other related entities and individuals. I further declare that I understand that this consent is to be filed in the court in which suit on such claims is brought.

Signature: _/s/ Long Tran_

Name: Long Tran
Address: 7214 Statford Dr
Rowlett, Tx 75089
Cell No.: (214) 412-4005
Home No.: (214) 501-4361
E-Mail: long-tran@1202@yahoo.com

≈JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

3:10CV-1422K

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Steven Marshall, Long Tran and Charles Johnson

ORIGINAL

## DEFENDANTS
Eyemasters of Texas, Ltd. and Eye Care Centers of America, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED JUL 20 2010 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert E. Goodman, Jr., Kilgore & Kilgore, PLLC, 3109 Carlisle Avenue, Dallas, Texas 75204, 214-696-9099

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 USC 216
Brief description of cause: Overtime representative action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 7/16/2010   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____